# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

GABLE D. HALL,

         Petitioner,

    v.                                     **Case No. 14-C-793**

WILLIAM POLLARD,

         Respondent.

## DECISION AND ORDER

The pro se Petitioner, Gable D. Hall ("Hall") commenced this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He filed motions to proceed *in forma pauperis* and for appointment of counsel. (ECF Nos. 4, 5.) Hall states that he is currently in custody pursuant to a 1996 conviction by the Circuit Court for Milwaukee County, Wisconsin. This is the fourth petition for such relief filed in this District. *See Hall v. Boatwright,* 09-CV-347, 2009 WL 1437561 (E.D. Wis. May 22, 2009) (adopting the April 22, 2009, recommendation of United States Magistrate Judge William Callahan for dismissal of Hall's third petition for a writ of habeas corpus as untimely and an unauthorized successive petition.)

Section 2244(a) of Title 28 of the United States Code states:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the

United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

Section 2244(b)(1) further provides: "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."

Section 2244(b)(2) sets forth certain limited exceptions to the general rule that a claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application must be dismissed. These exceptions are established when:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(b)(2). Section 2244(b)(3)(A) further provides: "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Pursuant to 28 U.S.C. § 2244, second or successive petitions require the

approval of the court of appeals. *See Curry v. United States,* 507 F.3d 603, 604 (7th Cir. 2007); *Nunez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996). *See also*, Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts. Circuit Rule 22.2 establishes procedures for the approval mechanism. *Id.* A copy of that rule is attached to this decision. Pursuant to *Nunez,* this Court dismisses the instant petition for lack of jurisdiction. Hall's motions for leave to proceed *in forma pauperis* and appointment of counsel are also dismissed for lack of jurisdiction.

This is the second Decision and Order that has been issued in this District explaining what Hall must do if he wants to seek habeas corpus relief. However, implicitly, Hall has declined to pursue the appropriate recourse by obtaining permission from the Court of Appeals to file a successive petition. Instead, he persists in filing motions that he has been informed that the courts may not consider, unless directed to do so by the Court of Appeals.

At this juncture, Hall's successive petitions seeking habeas relief in this District are frivolous. Therefore, Hall is advised that pursuant to Rule 11 of the Federal Rules of Civil Procedure, the Court has the authority to impose sanctions upon litigants who file repeated and frivolous motions as a penalty for contempt of court and as a part of this Court's inherent power to control proceedings. *See Smith v. Gilmore,* 111 F.3d 55, 56 (7th Cir.1997); *Alexander v. United States,* 121 F.3d 312, 315 (7th Cir.1997). While the Court is empowered to impose monetary sanctions against proponents of frivolous litigation, *Montgomery v. Davis,* 362 F.3d 956, 957 (7th Cir.

- 3 -

2004), it will not exercise that authority at this juncture.

## Certificate of Appeal

In *Slack v. McDaniel*, the United States Supreme Court held that "when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appeal] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Here, it is clear that Hall's § 2254 motion was filed as a second or successive § 2254 motion without prior certification by the court of appeals. That fact would not allow any reasonable jurist to conclude that the Court has erred in dismissing the motion because it has no jurisdiction to entertain the case. Therefore, a certificate of appealability is denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Hall's petition and his motions for leave to proceed *in forma pauperis* and for appointment of counsel (ECF No. 1, 4, 5) are **DISMISSED** for lack of subject matter

jurisdiction.

The Court **DECLINES TO ISSUE** a certificate of appealability.

The Clerk of Court is **DIRECTED TO ENTER** judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of July, 2014.

**BY THE COURT:**

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

**Circuit Rule 22.2. Successive Petitions for Collateral Review**

(a) A request under 28 U.S.C. §2244(b) or the final paragraph of 28 U.S.C. §2255 for leave to file a second or successive petition must include the following information and attachments, in this order:

(1) A disclosure statement, if required by Circuit Rule 26.1.

(2) A short narrative statement of all claims the person wishes to present for decision. This statement must disclose whether any of these claims has been presented previously to any state or federal court and, if it was, how each court to which it was presented resolved it. If the claim has not previously been presented to a federal court, the applicant must state either:

(A) That the claim depends on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or

(B) That the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and that the facts, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the applicant guilty of the crime, had there been no constitutional error.

(3) A short narrative statement explaining how the person proposes to establish the requirements mentioned above. An applicant who relies on a new rule of constitutional law must identify the new rule, the case that establishes that rule, and the decision of the Supreme Court that holds this new rule applicable to cases on collateral review.

(4) Copies of all opinions rendered by any state or federal court previously rendered in the criminal prosecution, any appeal, and any collateral attack.

(5) Copies of all prior petitions or motions for collateral review.

(b) A copy of the application, together with all attachments, must be served on the attorney for the appropriate government agency at the same time as the application is filed with the court. The application must include a certificate stating who was served, by what means, and when. If the application is made by a prisoner who is not represented by counsel, filing and service may be made under the terms of Fed. R. App. P. 4(c).

(c) Except in capital cases in which execution is imminent, the attorney for the custodian (in state cases) or the United States Attorney (in federal cases) may file a response within 14 days. When an execution is imminent, the court will not wait for a response. A response must include copies of any petitions or opinions that the applicant omitted from the papers.

(d) The applicant may file a reply memorandum within 14 days of the response, after which the request will be submitted to a panel of the court for decision.

(e) An applicant's failure to supply the information and documents required by this rule will lead the court to dismiss the application, but without prejudice to its renewal in proper form.